# COMMONWEALTH OF VIRGINIA





DEFENDANT'S EXHIBIT 1

NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD 7TH FLOOR
NORFOLK VA 23510
(757) 389-8942

Summons

To: ATRIUM HOSPITALITY LP
CORPORATION SERVICE COMPANY,RA
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 710CL21014897-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, December 10, 2021

Clerk of Court: GEORGE E. SCHAEFER III

by _Andrea Tae_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: SIX, CATHERINE
757-352-2237

SERVED BY
DRISKELL SERVICES, INC.
757-961-6961

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

███████████████████, a minor,
by and through her mother and next friend,
ASHLEY BUCKNER

    Plaintiff,

v.              Case No.: 21-14897
              **JURY TRIAL DEMANDED**

PHF II NORFOLK, LLC,

  Serve: Corporation Service Company
      Registered Agent
      100 Shockoe Slip, Fl.2
      Richmond, VA 23219

ATRIUM HOSPITALITY LP,

  Serve: Corporation Service Company
      Registered Agent
      100 Shockoe Slip, Fl.2
      Richmond, VA 23219

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, ███████████████, a minor, by and through her mother and next friend, Ashley Buckner, and files this as her Complaint against PHF II Norfolk, LLC and Atrium Hospitality, LP, (collectively, "Defendants"), seeking judgment and an award of execution, against the defendants, jointly and/or severally, in the amount of Five Million Dollars ($5,000,000.00) in damages with interest from July 26, 2019, together with the costs of this action for the following, to-wit:

  1.  Ashley Buckner is the mother and legal custodian of Plaintiff, ███████████

███████, a minor child born February 8, 2016.

2. At all times relevant herein, Defendant PHF II Norfolk, LLC ("PHF II") owned, operated, and managed the Sheraton Norfolk Waterside Hotel ("Sheraton") located at 777 Waterside Drive in the City of Norfolk, Virginia and is liable to Plaintiff for damages as set forth hereinbelow in this Complaint.

3. At all times relevant herein, Defendant Atrium Hospitality LP ("Atrium") managed and operated the Sheraton Norfolk Waterside Hotel ("Sheraton") located at 777 Waterside Drive in the City of Norfolk, Virginia.

4. At all times material herein, Defendants PHF II and Atrium were each and both acting by and through their agents, representatives and/or employees, all of whom were acting within the course and scope of their authority, agency and/or employment.

5. At all times material herein, Plaintiff and her family were lawful guests and invitees upon the Sheraton premises.

6. On or about July 25, 2019, during the late evening hours, Plaintiff ███████ ███████ (sometimes hereinafter "████") then a 3 year old child, arrived at the Sheraton with her mother, Ashley Buckner, and her 14 year old brother, ███████, for a scheduled overnight stay at the hotel.

7. An agent and/or employee of the Defendants acting within the scope of her authority, agency and/or employment, checked in Ashley Buckner and her children.

8. At all times material herein, on site at the Sheraton is and was a Fitness Center available to adult guests only, who could gain access by unlocking the Fitness Center door by using their room key.

2

9. On or about July 26, 2019, not long after midnight, ▓▓▓ and her brother, ▓▓▓, approached and entered The Fitness Center through the unlocked and open door. They did not use a room key.

10. No one was in the Fitness Center when ▓▓▓ and ▓▓▓ entered, however, a treadmill was running.

11. While in moving about in the Fitness Center, ▓▓▓ went to retrieve a ball near the moving treadmill. ▓▓▓'s left arm became caught in and/or on the running treadmill, resulting in severe friction burns to her left arm and wrist.

12. At all material times herein, Defendants, as innkeepers, owed a duty to Plaintiff to use ordinary and reasonable care and diligence to take reasonable precautions to protect Plaintiff.

13. Additionally, Defendants assumed a duty to Plaintiff upon check-in when undertaking to provide a secure Fitness Center for guests accessible only by room key.

14. Defendants knew or should have known that the door to the Fitness Center was unsupervised, unmonitored, open and/or unlocked and that it posed a dangerous and unsafe condition.

15. Defendants knew or should have known that the Fitness Center treadmill was running inside and that it posed a dangerous and unsafe condition.

16. Defendants owed a duty to properly inspect and maintain the premises, including the Fitness Center and the equipment; and to remove unsafe conditions and/or adequately and properly warn of unsafe conditions on the premises, so that persons in the area, including ▓▓▓ ▓▓▓▓▓▓▓▓▓, might be reasonably safe.

3

17. Defendants, having owed a duty of care to Plaintiff, breached their duties in failing to use ordinary care and diligence to take reasonable precautions to protect Plaintiff; failing to provide a reasonably safe environment; failing to maintain the Fitness Center and its equipment, in a reasonably safe condition and manner; failing to reasonably inspect the Fitness Center and the equipment; and failing to warn individuals, including Plaintiff, of the dangerous and unsafe condition that existed by the open and accessible Fitness Center and running treadmill.

18. At all times material herein, the Defendants' agents, servants, and/or employees were acting within the course and scope of his or her agency, servitude, and/or employment with the Defendants, and any negligent actions of these individuals are imputed to the Defendants.

19. Defendants PHF II and Atrium are also liable for the negligent acts and omissions of their agents and employees.

20. Plaintiff was not negligent in any respect and did not contribute to her injuries.

21. As a direct and a proximate cause of Defendants' negligence, Plaintiff ███████ ███ was caused to suffer serious and permanent injuries; was caused to suffer and will in the future be caused to suffer great physical pain, mental anguish; was caused to suffer and will in the future be caused to suffer disfigurement and deformity, humiliation and scarring; has incurred and will in the future be caused to incur medical and related expenses; has suffered and will in the future be caused to suffer a loss of earnings and earning capacity; and has suffered and will be caused in the future to suffer inconvenience.

22. Trial by jury is demanded on all issues so triable.

23. Plaintiff reserves the right to amend these pleadings as discovery requires.

WHEREFORE, the Plaintiff, ███████████, a minor, by and through her mother and next friend, Ashley Buckner, hereby respectfully prays for judgment and an award of execution against the Defendants, jointly and/or severally, in the amount of Five Million Dollars ($5,000,000.00) with interest from July 26, 2019, together with the costs of this action and such other and further relief as the Court deems proper.

█████████████████, a minor,
by and through her mother and next friend,
ASHLEY BUCKNER

By: _____
Of Counsel

Catherine M. Six, Esq.
VSB No.: 38289
East Coast Trial Lawyers, PLC
381 Edwin Drive
Virginia Beach, VA 23462
Tel. 757-352-2237
Fax 757-352-2220
Email: csix@ectlawyers.com